```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT


------------------------------x
                              :
ARLENE S.                     :      Civ. No. 3:21CV00443(SALM)
                              :
v.                            :
                              :
COMMISSIONER OF SOCIAL        :
SECURITY                      :      July 6, 2022
                              :
------------------------------x
```

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT [Doc. #34]**

Plaintiff Arlene S. ("plaintiff") filed an application for Disability Insurance Benefits on November 26, 2018. See Certified Transcript of the Administrative Record, Doc. #19, compiled on June 25, 2021, (hereinafter "Tr.") at 202-03. Plaintiff alleged disability beginning November 1, 2013. See Tr. 202. Plaintiff's application was denied initially on February 15, 2019, see Tr. 130-33, and upon reconsideration on April 25, 2019. See Tr. 135-42.

On January 16, 2020, Administrative Law Judge ("ALJ") Matthew Kuperstein held a hearing, at which plaintiff appeared with her former counsel, Attorney Russell Zimberlin. See generally Tr. 31-55. On February 20, 2020, the ALJ issued an unfavorable decision. See Tr. 9-30. On January 29, 2021, the Appeals Council denied plaintiff's request for review of the

1

ALJ's decision, thereby making the ALJ's February 20, 2020, decision the final decision of the Commissioner. See Tr. 1-6. Plaintiff, represented by Attorney Howard Olinksy, timely appealed that decision to this Court on March 30, 2020. [Doc. #1].

On May 26, 2021, the Commissioner (hereinafter the "defendant" or the "Commissioner") filed a Motion to Dismiss the Complaint, in part, and for an extension of time within which to file the certified administrative record ("CAR"). See Doc. #13. The Court took the Motion to Dismiss under advisement and denied, without prejudice to re-filing, defendant's motion for extension of time to file the CAR. See Doc. #14.[1] In relevant part, the Court stated: "Because the Commissioner does not raise a jurisdictional objection with regard to the standard claim contained in Plaintiff's complaint, the Court will not delay the adjudication of plaintiff's standard claim pending the disposition of defendant's partial motion to dismiss." Id. (citation and quotation marks omitted). On that same date, the Commissioner filed a consent motion for extension of time until July 31, 2021, to file the CAR. See Doc. #15. On May 28, 2021,

---

[1] Plaintiff filed a response to the Motion to Dismiss on June 15, 2021. See Doc. #17. With the Court's permission, on October 26, 2021, defendant filed a supplemental memorandum in support of the Motion to Dismiss. See Doc. #29; see also Docs. #27, #28.

2

the Court granted the motion for extension of time to July 30, 2021. See Doc. #16.

On July 21, 2021, defendant filed the official transcript. [Doc. #19]. On October 19, 2021, after having sought and received an extension of time, plaintiff filed a Motion to Reverse the Decision of the Commissioner. See Docs. #21, #22, #24. On December 9, 2021, defendant filed a Motion to Affirm the Decision of the Commissioner [Doc. #30], to which plaintiff filed a reply [Doc. #31]. On March 22, 2022, the Court denied defendant's motions, and granted plaintiff's motion to reverse, to the extent plaintiff sought a remand for further administrative proceedings. See Doc. #32. Judgment entered for plaintiff on March 23, 2022. [Doc. #33].

On June 21, 2022, plaintiff filed a Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), seeking payment of fees in the amount of $8,596.00. See Doc. #34 (hereinafter the "Motion for Attorney's Fees"). Plaintiff also filed an "Attorney's Affirmation in Support of Motion for EAJA Fees[,]" attached to which are time sheets itemizing the time expended by plaintiff's attorneys and paralegals in this matter. See generally Doc. #35. Plaintiff states that although she has incurred $9,048.68 in fees litigating the appeal, the "**[p]arties have conferred and agreed to settle this motion at a reduced rate of $8,596.00.**" Id. at 2.

3

Although the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review the record and determine whether the proposed award is reasonable. "[T]he determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation." Pribek v. Sec'y, Dep't of Health & Human Servs., 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (citation and quotation marks omitted); see also Rogers v. Colvin, No. 4:13CV00945(TMC), 2014 WL 630907, at *1 (D.S.C. Feb. 18, 2014); Design & Prod., Inc. v. United States, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation"). The Court therefore has reviewed the itemization of time expended by plaintiff's attorneys and paralegals to determine whether the agreed upon fee amount is reasonable.

For the reasons set forth herein, the Court **GRANTS** plaintiff's Motion for Attorney's Fees [**Doc. #34**], for the agreed upon amount of **$8,596.00**.

## DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the EAJA, 28

U.S.C. §2412, the purpose of which is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (citing Sullivan v. Hudson, 490 U.S. 877, 883 (1989)). In order for an award of attorney's fees to enter, this Court must find (1) that plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty days of final judgment. See 28 U.S.C. §2412(d)(1)(B).

Plaintiff's counsel claims fees for 38.3 hours of attorney work at a rate of $217.72 per hour, and 7.1 hours of paralegal work at a rate of $100.00 per hour. See Doc. #35 at 2; see also Docs. #35-4, #35-5. The parties have reached an agreement under which defendant would pay $8,596.00 in fees, which appears to represent the entirety of the attorney time sought and approximately 2.5 hours of paralegal time.[2] It is plaintiff's burden to establish entitlement to a fee award, and the Court has the discretion to determine what fee is "reasonable."

---

[2] It is unclear how the parties apportioned the attorney and paralegal time in reaching the agreed-upon fee amount. However, as discussed below, 38.3 hours of attorney time is presumptively reasonable for litigating the substantive claim. Accordingly, the Court assumes that plaintiff has agreed to reduce the time claimed by the paralegals.

5

Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983) (interpreting 42 U.S.C. §1988, which allows a "prevailing party" to recover "a reasonable attorney's fee as part of the costs").[3] This Court has a duty to review the time sheets to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." J.O. v. Astrue, No. 3:11CV01768(DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014) (quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010)).

The Court finds that plaintiff has satisfied the requirements of 28 U.S.C. §2412(d)(1)(B), and that an award of fees may enter. Specifically, the Court finds that: (1) plaintiff is a prevailing party in light of the Court denying defendant's motion to dismiss and ordering a remand of this matter for further administrative proceedings; (2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the fee petition was timely

---

[3] The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433 n.7.

6

filed.[4] See 28 U.S.C. §2412(d)(1)(B). The Court next turns to the reasonableness of the fees sought.

In this case, plaintiff's counsel seeks payment for 38.3 hours of attorney time, and 2.5 hours of paralegal time, reduced from the 45.4 total hours actually expended. See Doc. #35 at 2. The administrative transcript in this case was comprised of a substantial 1,797 pages and plaintiff's counsel submitted thorough briefs on the jurisdictional and substantive issues presented. See generally Docs. #17, #24-1. The Court finds the attorney time reasonable for the work claimed, including: preparation of the response to the motion to dismiss [Doc. #17]; review of the administrative transcript [Doc. #19]; preparation of the motion to reverse and supporting memorandum [Docs. #24, #24-1]; and preparation of the statement of material facts [Doc. #25]. Cf. Rodriguez v. Astrue, No. 3:08CV00154(JCH)(HBF), 2009

---

[4] The request for attorney's fees is timely because it was filed within thirty days after the time to appeal the final judgment had expired. See Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) ("[A] 'final judgment' for purposes of 28 U.S.C. §2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."). "The notice of appeal may be filed by any party within 60 days after entry of the judgment" in cases where, as here, one of the parties is "a United States officer or employee sued in an official capacity[.]" Fed. R. App. P. 4(a)(1)(B), (B)(iii). In this case, the 30-day EAJA clock would begin to run on May 23, 2022, 60 days after judgment for plaintiff entered. The Motion for Attorney's Fees was filed on June 21, 2022, one day before the expiration of the filing deadline on June 22, 2022. See Doc. #34.

7

WL 6319262, at *3 (D. Conn. Sept. 3, 2009) ("Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." (quotation marks and multiple citations omitted)); see also Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1012 (E.D. Wis. 2004); cf. Barbour v. Colvin, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014). The Court further finds that the 38.3 hours claimed in attorney time is reasonable because "[c]ourts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute." Poulin v. Astrue, No. 3:10CV01930(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012) (citations and quotation marks omitted).

"[A] prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates." Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. 571, 590 (2008). With respect to the paralegal time claimed, the Court finds that 2.5 hours, at a rate of $100.00 per hour, is reasonable for the work claimed. see Kiely v. Astrue, No. 3:10CV01079(MRK)(WIG), 2012 WL 3727164, at *2 (D. Conn. Mar. 30, 2012) ("Based on its review of the relevant cases, taking particular note of the age of the decision, as

8

well as its familiarity with customary rates charged in this District, the Court finds that a rate of $100/hour is reasonable for paralegal work performed on a case in which fees are to be awarded under the EAJA.").

Accordingly, the Court finds that the agreed upon time is reasonable, particularly in light of the parties' agreement, which adds weight to the claim that the fee award claimed is reasonable. Therefore, an award of **$8,596.00** in fees is appropriate, and the Court **GRANTS** plaintiff's Motion for Attorney's Fees [**Doc. #34**], for the agreed upon amount of **$8,596.00.**

It is so ordered at Bridgeport, Connecticut this 6th day of July, 2022.

>          /s/
> HON. SARAH A. L. MERRIAM
> UNITED STATES DISTRICT JUDGE